24-61
Moza-Pena v. Blanche

BIA
Ling, IJ
A220 801 544/545/546

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of July, two thousand twenty-six.

PRESENT:
      REENA RAGGI,
      DENNY CHIN,
      JOSEPH F. BIANCO,
          *Circuit Judges.*
_____

ERICK ANIBAL MOZA-PENA,
YOHANA LISETH RAMIREZ-PERAZA,
E.O.M.R.,
      *Petitioners*,

      v.             **24-61**
                    **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL,
      *Respondent.*[1]
_____

---

[1] The Clerk of the Court is directed to amend the official caption as set forth above.

FOR PETITIONERS:     Nicholas J. Mundy, Esq., Brooklyn, NY.

FOR RESPONDENT:     Brian Boynton, Principal Deputy Acting
Assistant Attorney General; Sheri R. Glaser,
Senior Litigation Counsel; Joanna L. Watson,
Senior Trial Attorney, Office of Immigration
Litigation, United States Department of
Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioners Erick Anibal Moza-Pena, Yohana Liseth Ramirez-Peraza, and

their minor child, natives and citizens of El Salvador, seek review of a December

12, 2023, decision of the BIA affirming an April 20, 2023, decision of an

Immigration Judge ("IJ") denying asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT"). *In re Erick Anibal Moza-Pena, et

al.*, Nos. A 220 801 544/545/546 (B.I.A. Dec. 12, 2023), *aff'g* Nos. A 220 801

544/545/546 (Immig. Ct. N.Y. City Apr. 20, 2023). We assume the parties'

familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the BIA's decision. *See

Prabhudial v. Holder*, 780 F.3d 553, 555 (2d Cir. 2015). We review fact-finding

"under the substantial evidence standard" and questions of law and the

application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum or withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution and that a protected ground "was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 105–06 (2d Cir. 2022) (holding that the "one central reason" standard for asylum claims also applies to withholding of removal). Because the BIA determined that the petitioners waived any challenge to the IJ's nexus determination by failing to meaningfully challenge that finding on appeal, our "review is limited to whether the BIA erred in deeming the argument waived." *Prabhudial*, 780 F.3d at 555–56. It did not. The petitioners' brief to the BIA primarily argued that their proposed particular social groups were cognizable and only asserted in passing that they were harmed and feared future harm on account of their membership in those groups. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d

3

Cir. 2014) (holding that an applicant who seeks relief based on membership in a particular social group must show both that the group is cognizable and a nexus between membership in that group and any harm).   The BIA did not err in finding any challenge to the nexus determination waived because the petitioners did not challenge before the BIA the IJ's conclusion that any harm suffered or feared stemmed from a personal dispute between Moza-Pena and his uncle rather than a protected ground.  *See Matter of Garcia*, 28 I. & N. Dec. 693, 693 n.1 (B.I.A. 2023) (deeming waived challenges to parts of IJ's decision that were not "meaningfully" raised on appeal).   As a result, any challenge to the nexus determination is unexhausted and not properly before us.   *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("To preserve an issue for judicial review, the petitioner must first raise it with specificity before the BIA." (citation modified)).   The nexus finding is dispositive of asylum and withholding of removal.   *See Quituizaca*, 52 F.4th at 109–14.

The petitioners' challenges to the denial of CAT relief similarly fail.   A CAT applicant must show that he will likely be tortured by or with the acquiescence of government officials.   8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Garcia-Aranda v. Garland*, 53 F.4th 752, 758–59 (2d Cir. 2022) ("Analysis of a CAT claim boils down

4

to a two-step inquiry"—namely, a showing of likely torture *and* "sufficient state action"). Despite the IJ's determination that the petitioners did not establish likely torture in El Salvador or government acquiescence to that torture, the petitioners' brief to the BIA and their brief here address only the likelihood of torture. Any challenge to the acquiescence finding is therefore unexhausted and abandoned. *See Vera Punin*, 108 F.4th at 124; *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation modified)). Because a CAT claim requires both likely torture and government acquiescence, the failure to exhaust and abandonment of the acquiescence finding is dispositive. *See Garcia-Aranda*, 53 F.4th at 758–59.

Because the failure to exhaust the nexus determination and abandonment of any challenge to the unexhausted acquiescence finding are dispositive of all forms of relief, we do not reach the petitioners' remaining arguments. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

5

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court